IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | |
|---|---|
| Ras Rahim, | ) Civil Action No. 9:17-cv-00961-JMC |
| Petitioner, | ) |
| v. | ) **ORDER AND OPINION** |
| Warden Joyner, | ) |
| Respondent. | ) |

Petitioner Ras Rahim, proceeding *pro se*, filed for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (2008) ("Habeas Petition"). (ECF No. 1.) The matter before the court is a review of the Magistrate Judge's Report and Recommendation ("Report"). (ECF No. 47.) For the reasons stated below, the court **ACCEPTS** the Report (ECF No. 47), **GRANTS** Respondent Warden Joyner's Motion to Dismiss for lack of jurisdiction (ECF No. 31), and **DISMISSES** Petitioner Ras Rahim's Habeas Petition (ECF No. 1) without prejudice.

## I. FACTUAL AND PROCEDURAL BACKGROUND

The Report sets forth the relevant facts and legal standards, which the court incorporates herein without a full recitation. (ECF No. 47.) Petitioner's case history is provided by the United States Court of Appeals for the Eleventh Circuit, as follows:

> On July 8, 2003, Rahim entered a SouthTrust bank branch in Cartersville, Georgia, brandished a firearm, and demanded that a teller put the money from her cash drawers into a bag. The teller placed into the bag, along with the $4700, several security devices that contained red dye and tear gas and were designed to explode soon after Rahim left the bank. After Rahim left the bank and began to drive away, the dye packs exploded. Rahim abandoned the car and ran into a store near the bank. Rahim demanded that Hazel King, an employee of the store, give him the keys to her car. King complied, but Rahim held a gun to her head and ordered her to accompany him and drive the car. After Cartersville police officers, who had responded to the report of the bank robbery, shot the tires of the car, King was able to drive a short distance before the damage to the tires forced her to stop the car.

1

> While Rahim continued to hold King at gunpoint, they abandoned the car and fled to a wooded area. The police surrounded them, and a standoff ensued. Rahim suddenly ordered King to lie on the ground and began to fire at the officers. A sniper shot Rahim in the head, which ended the confrontation, but Rahim survived.

(ECF No. 47 at 2–3 (citing *United States v. Rahim*, 431 F.3d 753, (11th Cir. 2005)).)

Petitioner was charged and convicted in the United States District Court for the Northern District of Georgia of armed bank robbery, 18 U.S.C. § 2113 (2002), carjacking, 18 U.S.C. § 2119 (1996), and two counts of using a firearm during a crime of violence, 18 U.S.C. § 924(c) (2018). (*Id.* at 3.) On February 24, 2005, he was sentenced to a total of 481 months of imprisonment. (*Id.*) Petitioner is currently incarcerated at Federal Correctional Institution Estill in Estill, South Carolina. (*Id.* at 1.) Petitioner filed his Habeas Petition on April 13, 2017. (ECF No. 1.) On September 20, 2017, the court dismissed Petitioner's initial Habeas Petition without prejudice and without requiring Respondent to file a return. (ECF No. 10) On February 27, 2019, the court granted Petitioner's Motion for Leave to Supplement and for relief from the Judgment, ordering Petitioner's amended Habeas Petition to be served on May 2, 2019. (ECF No. 47 at 1 (citing ECF Nos. 14, 22-1).)

In his present Habeas Petition, Petitioner requests immediate release or to be resentenced within recalculated guidelines. (ECF No. 1.) Petitioner contends that: "(1) Section 2113(a)(3) 'bank robbery' does not qualify as a 'crime of violence' for Section 924(c) purposes under the elements clause"; (2) "Section 2119 carjacking is not a crime of violence for Section 924(c) purposes"; and (3) "Count 4 of Petitioner's indictment Section 924(c)(1)(A) and Section 924(c)(1)(A)(iii) have mandatory minimum terms of ten (10) years, not twenty-five (25) years, such that the court incorrectly sentenced him which constitutes a Fifth Amendment due process violation." (ECF No. 47 at 6 (citing ECF No. 1 at 8–9).) Respondent filed a Motion to Dismiss for lack of subject matter jurisdiction on July 8, 2019. (ECF No. 31.) The Magistrate Judge issued a

Report on August 6, 2019, recommending that the court grant Respondent's Motion to Dismiss. (ECF No. 47.) Petitioner timely filed objections to the Report on August 16, 2019. (ECF No. 49.)

## II. LEGAL STANDARD

The Magistrate Judge's Report is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. The Magistrate Judge makes only a recommendation to this court, which has no presumptive weight. The responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objections are made. *See Diamond v. Colonial Life and Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005). "[I]n the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Id.* (quoting Fed. R. Civ. P. 72 advisory committee's note). Furthermore, failure to file specific written objections to the Report results in a party's waiver of the right to appeal from the judgment of the District Court based upon such recommendation. *See* 28 U.S.C. § 636(b)(1); *see also Thomas v. Arn*, 474 U.S. 140 (1985). Thus, the court may accept, reject, or modify, in whole or in part, the Magistrate Judge's recommendation or recommit the matter with instructions. *See* 28 U.S.C. § 636(b)(1).

The court is required to interpret *pro se* documents liberally and will hold those documents to a less stringent standard than those drafted by attorneys. *See Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978); *see also Hardin v. United States*, C/A No. 7:12–cv–0118–GRA, 2012 WL 3945314, at *1 (D.S.C. Sept. 10, 2012). Additionally, *pro se* documents must be construed in a favorable manner, "no matter how inartfully pleaded, to see whether they could provide a basis for relief." *Garrett v. Elko*, No. 95-7939, 1997 WL 457667, at *1 (4th Cir. Aug. 12, 1997). Yet, even

though *pro se* documents are liberally construed by federal courts, "[t]he 'special judicial solicitude' with which a district court should view *pro se* complaints does not transform the court into an advocate." *Weller v. Dep't of Soc. Servs. for Balt.*, 901 F.2d 387, 391 (4th Cir. 1990).

### III. DISCUSSION

Petitioner's objections largely rehash his earlier arguments, which he concedes: "Petitioner may have attempted to raise similar claims previously, [but] Petitioner has never had his due process claim heard by a court. It is a meritorious claim that deserves attention." (ECF No. 49 at 4.) Generally, a party's objection to a magistrate judge's report must be "specific and particularized" in order to facilitate review by a district court. *United States v. Midgette*, 478 F.3d 616, 621 (4th Cir. 2007). "An 'objection' that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context." *Aldrich v. Bock*, 327 F. Supp. 2d 743, 747 (E.D. Mich. 2004). Thus, a *de novo* review is wholly unnecessary for a district court to undertake when a party seeks to rehash general arguments that were already addressed in a magistrate judge's report. *See Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982); *see also Anderson v. Dobson*, 627 F. Supp. 2d 619, 623 (W.D.N.C. 2007) ("An 'objection' that . . . simply summarizes what has been presented before, is not an 'objection' as that term is used in this context." (citation and quotations marks omitted)). To the extent Petitioner proffers specific objections to the Report, the court provides the following reasoning for its decision.

A. <u>Petitioner's Objections</u>

Petitioner objects to the Report because he "is currently confined in the special housing unit, pending transfer, and lack[s] access to do sufficient legal research. Nonetheless . . . it appears that the First Step Act assists [Petitioner]. . . ." (ECF No. 49 at 2.) Moreover, Petitioner claims that

"the simple carjacking definition is too broad to allow [Section] 924(c) to be attached." (*Id.* at 3.)

B. The Court's Review

The Report provides: "[a]s Respondent correctly points out, [Petitioner's] current [Section] 2241 claims are nearly identical to ones he has previously made in his prior post-conviction motions" to the United States Court of Appeals for the Eleventh Circuit. (ECF No. 47 at 5.) "Therefore, Petitioner cannot challenge his federal conviction and sentence under [Section] 2241 unless he can satisfy the [Section] 2255 savings clause . . . ." (*Id.* at 6.)

Here, the Magistrate Judge relied on the United States Court of Appeals for the Fourth Circuit Court's three-part test to determine whether a petition challenging the lawfulness of a conviction can be brought under Section 2241:

> Section 2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of the conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first Section 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of Section 2255 because the new rule is not one of constitutional law. (ECF No. 47 at 6.) *re Jones*, 226 F.3d 328, 333–34 (4th Cir. 2000).4 This test was formulated expressly to provide a remedy for the "fundamental defect presented by a situation in which an individual is incarcerated for conduct that is not criminal but, through no fault of his own, he has no source of redress." *Id.* at 333 n. 3. Petitioner's claims fail to satisfy these requirements.

(*Id.* at 6–7.)

After Petitioner filed the present Habeas Petition, the United States Supreme Court recently declared Section 924(c)(3)(B)'s residual clause to be unconstitutionally vague, *United States v. Davis*, 2019 WL 2470623 (2019), and the Eleventh Circuit subsequently decided that a petitioner may proceed with a *Davis* claim under Section 2255. (*See id.* at 7–8 (citing *In re Cannon*, No. 19-12533-F, 2019 WL 3334766, at *3 (11th Cir. July 25, 2019)).) However, the Magistrate Judge notes that the Eleventh Circuit determined that "carjacking" remained a violation of Section 2119 and

5

qualified as a predicate offense without relying on Section 924(c)(3)(B)'s void residual clause, and that "the Eleventh Circuit's reasoning in *In re Cannon* also applies to Petitioner's claim under *Davis* regarding his bank robbery conviction." (*Id.* at 8 (citing *Kidd v. United States*, No. 18-2465, 2019 WL 2864451, at *1 (8th Cir. July 3, 2019) (citations omitted)).) As such, even though Section 924(c)(3)(b)'s residual clause is unconstitutionally vague, the court finds that Petitioner's convictions for armed bank robbery and carjacking remain crimes of violence under Section 924(c)(3)(A)'s elements clause. Accordingly, the court agrees with the Magistrate Judge's recommendation to dismiss Petitioner's first and second claims because *Davis* does not apply. (*See id.* at 9 (citing ECF No. 1 at 8–9).)

As to Petitioner's third claim, the Magistrate Judge determined that Petitioner failed to show that he is entitled to relief under the First Step Act of 2018, Pub. L. No. 115-391, § 404, 132 Stat. 5194, 5222. (*Id.* at 10.) Indeed, "any such reliance would fail because the relevant provision is not retroactive to cases on collateral review." (*Id.* (citing *Brown v. Antonelli*, No. 19-1344, 2019 WL 2360901, at *5 (D.S.C. May 15, 2019) (citations omitted)).) Consequently, the court finds that Petitioner's third claim also warrants dismissal.

### IV. CONCLUSION

After a thorough review of the Report and the record in this case, the court **ACCEPTS** the Magistrate Judge's Report and Recommendation (ECF No. 47), **GRANTS** Respondent Warden Joyner's Motion to Dismiss for lack of jurisdiction (ECF No. 31), and **DISMISSES** Petitioner Ras Rahim's Petition for Writ of Habeas Corpus (ECF No. 1) without prejudice.

**IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

February 10, 2020
Columbia, South Carolina